UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-18-KDB
(5:18-cr-62-KDB-DSC-1)

| | |
|---|---|
| PHYSIQUE DALTON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1], and on the Respondent's Motion to Dismiss [Doc. 3].

### I. BACKGROUND

Petitioner was charged with a single count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). [5:18-cr-62-KDB ("CR"), Doc. 3]. He entered a straight-up guilty plea on December 12, 2019. See [CR Docs. 16, 38]. The guilty plea was supported by a written Factual Basis stating that "[o]n or about October 23, 2018, … Physique Dalton, knowing that he had been previously convicted of at least one crime punishable for a term exceeding one year, did knowingly and unlawfully possess a firearm, that is, a Bryco, model 25, .25 caliber semi-automatic pistol, in and affecting commerce, in violation of Title 18, United States Code § 922(g)(1)." [CR Doc. 15].

The Presentence Investigation Report ("PSR") calculated the base offense level as 20 because Petitioner committed the instant offense after sustaining a felony conviction for a controlled substance offense, *i.e.*, conspiracy to possess with intent to distribute cocaine and cocaine base, Case No. 5:06-CR-30. [CR Doc. 24 at ¶ 21]. Four levels were added pursuant to

1

U.S. Sentencing Guidelines § 2K2.1(b)(6)(B) because Petitioner used or possessed a firearm or ammunition in connection with another felony, or possessed or transferred a firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense. [Id. at ¶ 22]. Two levels were added pursuant to § 3C1.2 because petitioner recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. [Id. at ¶ 25]. Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 23. [Id. at ¶¶ 29-31]. Petitioner had five criminal history points, and two points were added because Petitioner committed the instant offense while he was under a criminal justice sentence in Case No. 5:06-cr-30. [Id. at ¶¶ 49, 50]. This resulted in a criminal history category of IV. [Id. at ¶ 51]. The resulting advisory guideline range was 70 to 87 months' imprisonment followed by between 1 and 3 years of supervised release. [Id. at ¶¶ 84, 87].

Counsel filed objections to the PSR, arguing that Petitioner does not qualify for a four-level enhancement pursuant to § 2K2.1(b) in ¶ 22; or the two-level enhancement for reckless endangerment during flight pursuant to § 2C1.2(b)(6) in ¶ 25. [CR Doc. 22].

The Court overruled Petitioner's PSR objections at the sentencing hearing. [CR Doc. 39]. The Court did, however, find that a downward departure was warranted pursuant to § 5K2.23, to account for the time that Petitioner served on a discharged state sentence which the Court considered as relevant conduct, and which was not likely to be credited by the federal Bureau of Prisons. [Id. at 22]. On May 15, 2020, the Court entered a Judgment adjudicating Petitioner guilty and sentencing him to 60 months' imprisonment, consecutive to the revocation sentence imposed in Case No. 5:06-cr-30, and three years of supervised release. [CR Doc. 29]; see [CR Doc. 30] (Statement of Reasons).

2

Case 5:18-cr-00062-KDB-DSC   Document 46   Filed 08/18/22   Page 2 of 7

Petitioner filed a *pro se* Notice of Appeal on December 6, 2020. [CR Doc. 32]. The Court appointed appellate counsel, who filed a brief arguing that the Court erred by applying the § 2K2.1(b)(6)(B) and § 3C1.2 enhancements to Petitioner's sentence. [CR Doc. 35]; [4th Cir. Case No. 20-4615 ("App"), Doc. 16]. The Government moved to dismiss the appeal as untimely. [App. Doc. 27]. Counsel filed a Response arguing that: Petitioner asked counsel to file a Notice of Appeal for him; counsel agreed that he would do so; Petitioner was subsequently unable to contact his lawyer; Petitioner did not file anything with the Court himself because he had been previously instructed not to do so; and Petitioner filed a *pro se* Notice of Appeal after he did not hear anything from counsel. [App. Doc. 33]. The Fourth Circuit Court of Appeals dismissed the appeal as untimely on November 8, 2021. [CR Doc. 40]. Petitioner filed a *pro se* § 2255 Motion to Vacate in this Court on November 29, 2021, and it was dismissed without prejudice because the time to seek certiorari review had not yet expired, Case No. 5:21-cv-167-KDB.

Petitioner filed the instant *pro se* § 2255 Motion to Vacate on February 10, 2022.[1] He argues that counsel was ineffective for failing to: (1) file a timely notice of appeal pursuant to Petitioner's request; (2) object to the four-level enhancement pursuant to § 2K2.1(b)(6)(B); and (3) object to the two-level enhancement pursuant to § 3C1.2. [Doc. 1]. With regards to the Motion to Vacate's timeliness, Petitioner states that he "requested his attorney to file a timely notice of appeal but counsel failed to do so as requested leaving Petitioner to think that his appeal had been filed, this taking away the opportunity to file a proper direct appeal and in a timely manner which would in turn guide the Petitioner with proper understanding and provide a proper and correct time frame to file his 2255." [Id. at 11]. He asks the Court to vacate his sentence and to resentence him

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

without the § 2K2.1 and § 3C1.2 enhancements.

The Respondent filed a Motion to Dismiss, arguing that the Motion to Vacate is untimely pursuant to 28 U.S.C. § 2255. [Doc. 3]. The Court informed Petitioner of his right to respond to the Motion to Dismiss. [Doc. 4]. Petitioner filed a Response [Doc. 5] and the Respondent filed a Reply [Doc. 6]. The matter is now ripe for review.

## II.     SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). No response from the Government is required.

## III.    DISCUSSION

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme

Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petition is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). Equitable tolling of petitions for collateral review is available only when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S 631, 649 (2010); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements.").

Petitioner's Judgment became final on May 29, 2020, when the 14-day period to file a notice of appeal expired. See Fed. R. App. P. 4(b)(1), (b)(6); United States v. Osborne, 452 F. App'x 294, 295-96 (4th Cir. 2011). His direct appeal was ultimately, found to be time-barred and, accordingly, it did not toll or re-start the one-year statute of limitations for filing a § 2255 petition. See Tores-Flores v. United States, 2015 WL 331701, at *8 (E.D.N.C. Jan. 23, 2015); Fair v. United States, 2009 WL 159802 (W.D.N.C. Jan. 22, 2009). Petitioner filed the instant § 2255 Motion to Vacate on February 10, 2022, more than eight months late.[2] It is thus time-barred pursuant to § 2255(f)(1).

---

[2] The Motion to Vacate in Case No. 5:21-cv-167 was filed on November 29, 2021, six months after the one-year statute of limitations had expired.

Petitioner appears to argue that his Motion to Vacate is timely pursuant to § 2255(f)(4) and/or that equitable tolling applies because he discovered, at some point after sentencing, that counsel had not filed a notice of appeal on his behalf. He argues that: he instructed counsel at the sentencing hearing to appeal and that counsel agreed to do so; he had "limited contact" with counsel after sentencing; he did not make *pro se* filings because counsel had instructed him not to do so; and he ultimately filed a *pro se* Notice of Appeal. [Doc. 5 at 2]. Several of the Petitioner's factual assertions are contradictory. On one hand, he states that he "never heard from [counsel] past the May 14, 2020 date of sentencing," and that all attempts by himself and his family to contact counsel were unsuccessful. [Id.]; [Doc. 1-1 at 2] (asserting that Petitioner and his family "continued to call [and] write" to counsel but "heard nothing"). On the other hand, he states that he asked counsel to appeal "several times" [Doc. 5 at 2]; that counsel "continued to inform [Petitioner] that he would file [an] appeal" [id.]; and that counsel "lied" by telling Petitioner that he had filed an appeal as requested [Doc. 1 at 3, 4].[3]

Petitioner's allegations are so vague and contradictory that the Court is unable to determine *inter alia*: when and how Petitioner and his family attempted to contact counsel after sentencing; whether any of those attempts were successful and the details of any such communications; or how and when Petitioner ultimately discovered that no appeal had been filed.[4] Petitioner has thus failed to demonstrate that he exercised reasonable diligence or the existence of extraordinary circumstances. See 28 U.S.C. § 2255(f)(4); Holland, 560 U.S. 653; see, e.g., United States v. Taylor, 22 F. App'x 226 (4th Cir. 2001) (finding that untimely and conclusory allegations were

---

[3] Petitioner also contends that trial counsel withdrew from the case, and that Petitioner was not notified of that withdrawal. [Doc. No. 5 at 3]. Petitioner is mistaken. The Court's record shows that counsel did not withdraw from the representation. Fed. R. Ev. 201.

[4] However, Petitioner was certainly aware that Notice of Appeal had not been filed by December 6, 2020, the date he filed his *pro se* Notice of Appeal. Petitioner knew or should have known at that time that his appeal was untimely, and that he should have filed his § 2255 petition then instead, which would have been well within the one-year statute of limitations.

6

insufficient to equitably toll the statute of limitations). Accordingly, the Government's Motion to Dismiss will be granted, and Petitioner's Motion to Vacate will be dismissed with prejudice as time-barred.

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is granted and the § 2255 Motion to Vacate is dismissed with prejudice as time-barred.

**IT IS, THEREFORE, ORDERED** that:

1. The Respondent's Motion to Dismiss [Doc. 3] is **GRANTED**.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED** with prejudice as time-barred.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: August 18, 2022

Kenneth D. Bell
United States District Judge